David A. **LANTZY**, Petitioner,

v.

**DEPARTMENT OF TRANSPORTATION**, Respondent.

No. 04–3031.

United States Court of Appeals, Federal Circuit.

Sept. 10, 2004.

David A. Lantzy, Alexandria, VA, pro se.

Thomas D. Dinackus, Mark A. Melnick, David M. Cohen, Washington, DC, for Respondent.

Before NEWMAN, CLEVENGER, and DYK, Circuit Judges.

PER CURIAM.

David A. Lantzy seeks review of the final decision of the Merit Systems Protection Board ("Board") denying Mr. Lantzy's request for corrective action pursuant to his individual right of action appeal which alleged that his reassignment was in reprisal for his whistleblowing activity. *Lantzy v. Dep't of Transp.*, No. DC1221010454–W–2, 2003 WL 22136133 (M.S.P.B. Aug.29, 2003). We *affirm*.

I

Mr. Lantzy is employed by the Federal Aviation Administration ("agency") in the Department of Transportation. He was reassigned without change in grade or pay because of the agency's belief that he had a conflict of interest regarding activity in the area where he was serving before his reassignment. The alleged conflict of interest arose from his wife's holding of shares in AT & T Corporation at a time when AT & T was a potential bidder on a project in which Mr. Lantzy was involved. The agency made a determination that "it [wa]s in the best interest of the agency to reassign [Mr. Lantzy] to a position without direct responsibility for acquisition or oversight teams involved in acquisition."

Mr. Lantzy filed a series of complaints with the Office of Special Counsel, alleging that his reassignment was in reprisal for having made protected disclosures under the Whistleblower Protection Act. The Office of Special Counsel concluded that Mr. Lantzy had not made any protected disclosure regarding his reassignment. Mr. Lantzy then filed his individual right of action at the Board, alleging error in the findings of the Office of Special Counsel. Mr. Lantzy agreed to submit his case for decision on the written record, thus waiving his right to a hearing.

The administrative judge assigned to Mr. Lantzy's case noted, correctly, that reassignment is an action that triggers Board jurisdiction under the Whistleblower Protection Act, even though otherwise, a person who is reassigned has no right to appeal the reassignment to the Board. The administrative judge concluded, on review of the written record, that Mr. Lantzy failed to show that his disclosure was protected whistleblowing activity, and that even had he made such a showing, he had

failed to prove that his disclosure was a contributing factor to his reassignment. Either finding is fatal to Mr. Lantzy's case. After the administrative judge denied Mr. Lantzy's request for corrective action, the full Board declined further review, thus making the initial decision of the administrative judge the final decision of the Board. Mr. Lantzy then timely sought review in this court. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

## II

In his briefs to this court, Mr. Lantzy's main complaint is that the alleged conflict of interest that prompted the agency to reassign him was illusory. Mr. Lantzy argues that if the true facts were known, his position would be vindicated and the agency would have had no basis for his reassignment.

Mr. Lantzy also argues that the grounds on which the Board found his whistleblower complaint insufficient are erroneous. On that point, we disagree. We have reviewed the record, and the record provides substantial evidence to support the Board's conclusion that Mr. Lantzy's June 7 disclosure does not qualify for protection under the Whistleblower Protection Act, and that he failed to show that his June 12 disclosure was a contributing factor to his reassignment. Since we must affirm the final decision of the Board unless we determine that it is arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law, when, as here, the factual underpinnings of the final decision are supported by substantial evidence, *see* 5 U.S.C. § 7703(c), we conclude that the Board correctly denied Mr. Lantzy the relief he sought under the Whistleblower Protection Act.

Mr. Lantzy's main complaint, that the conflict of interest charge which led to his reassignment is false, is not a matter that was raised before the Board. Before the Board, the only question was whether Mr. Lantzy's rights under the Whistleblower Protection Act were violated. Under that Act, his reassignment is considered an adverse personnel action. As such, the reassignment is a presumed wrong for which relief will be granted if it can be shown that the adverse action was taken as a reprisal for a protected disclosure that was a contributing factor to the adverse act, here the reassignment. On these issues, Mr. Lantzy cannot prevail.

We must affirm the final decision of the Board on Mr. Lantzy's individual right of action appeal.